Johnny BROWN, Jr., etc., et al.,
Plaintiffs-Appellees,

v.

DADE CHRISTIAN SCHOOLS, INC.,
etc., et al., Defendants-Appellants.

No. 78–1643
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 4, 1978.

Rehearing and Rehearing En Banc
Denied Nov. 14, 1978.

Shutts & Bowen, Lawrence R. Metsch, Miami, Fla., for defendants-appellants.

Ellis S. Rubin, Miami, Fla., for plaintiffs-appellees.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM.

We are asked to review the District Court's denial of the motion of Defendant-Appellant, Dade Christian Schools, Inc., which had sought both a vacation of the final judgment on the merits and an award of attorney's fees. *Sua sponte*, we dismiss the present appeal as "frivolous and entirely without merit." 5th Cir. R. 20.

This appeal marks the second time this case has reached our Court. This Court, sitting *en banc*, affirmed the June 27, 1975, judgment of the District Court. *Brown v. Dade Christian Schools, Inc.*, 556 F.2d 310 (5th Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978), *discussed in* 91 *Harv.L.Rev.* 879 (1978).[1] Appellant now asks us to review the District Court's denial of a motion which requested both the vacation of the District Court's June 27, 1975, judgment under Fed.R.Civ.P. 60(b)(6) and the award of attorney's fees under 42 U.S.C.A. § 1988.

In effect, Appellant asks us to *reverse* the District Court's denial of the motion to va-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part J.

1. Here, we need not restate the facts which are well-stated in the *en banc* opinion.

cate the June 27, 1975, judgment and the request for attorney's fees because of this Court's *affirmance* of that same judgment. The District Court's holding was predicated on a finding that the beliefs underlying Dade Christian's admissions policy were part of a social policy or philosophy and were not part of the free exercise of religion protected under the First Amendment. *Brown v. Dade Christian Schools, Inc.*, 556 F.2d at 311. Appellant now urges that, since a majority (7) of the judges of this Court who considered the issue (12) seemed to disapprove of the District Court's finding, the District Court abused its discretion in denying the motion to vacate the June 27, 1975, judgment and the request for attorney's fees, on remand. First, Appellant contends that the disagreement of the majority of those judges of this Court who considered the issue is a "reason justifying relief from the operation of the judgment" for which relief is provided in Fed.R.Civ.P. 60(b)(6). Second, Appellant contends that it qualifies as a "prevailing party" under 42 U.S.C.A. § 1988, since the majority of those judges of this Court who considered the issue disagreed with the District Court.

Appellant's self-styled "novel" theory of "first impression," Brief of Appellant at iii, is beyond the threshold of absurdity. What this Court *says* in the opinions in a particular case is not as important to the particular litigants as what this Court actually *does* with the case.[2] This Court affirmed the June 27, 1975, judgment of the District Court. *Brown v. Dade Christian Schools, Inc.*, 556 F.2d at 314. The fact that this Court could not agree on a unanimous rationale cannot possibly be a reason for later challenging the very judgment affirmed. *Cf. Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Each of five Justices in majority separately concurred with an opinion); *United States v. Holmes*, 537 F.2d 227, 228 (5th Cir. 1976) (affirmance by an equally divided Court) and cases cited. Appellant was not the prevailing party, and therefore his claim for

attorney's fees under § 1988 is without merit.

To state Appellant's contentions is to refute them. Therefore, the appeal is

DISMISSED.

---

**2.** *See Wilson v. First Houston Investment Corp.*, 566 F.2d 1235, 1244–45 n.1 (5th Cir. 1978) (Hill, J., dissenting) ("It may be that what we do speaks so loudly that no one will hear what we say.")